1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **EASTERN DISTRICT OF CALIFORNIA**

11

12  JOSE ACOSTA,                                   Case No. 1:19-cv-00307-AWI-EPG

13             Plaintiff,                          **ORDER GRANTING WITHDRAWL OF PLAINTIFF'S MOTION FOR DEFAULT**

14       v.                                        **JUDGMENT AS TO DEFENDANT MARIA MARTINEZ, DEFFERING**

15                                                 **RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO TBS**

16  MARIA MARTINEZ, aka MARIA                      **PROPERTIES, INC., AND DIRECTING**
    LOURDES MARTINEZ VASQUEZ, dba                  **CLERK OF COURT TO VACATE THE**

17  ACCESORIOS MARTINEZ AND TBS                    **ENTRY OF DEFAULT AGAINST**
    PROPERTIES, INC..                              **DEFENDANT MARIA MARTINEZ.**

18             Defendants.

19                                                 (ECF NO. 9)

20

21        Plaintiff Jose Acosta brings this suit under the Americans With Disabilities Act against

22  Defendants Maria Martinez, aka Maria Lourdes Martinez Vasquez ("Defendant Martinez"), and

23  TBS Properties, Inc. Plaintiff filed the suit on March 5, 2019. Neither Defendant has filed

24  responsive pleadings to date.

25        Plaintiff moved the Clerk of Court for an entry of default as to all Defendants on May 15,

26  2019. (ECF No. 6) The Clerk of Court entered a Notice of Default as to all Defendants on May

27  16, 2019. (ECF Nos. 7-8) On June 7, 2019, Plaintiff filed a Motion for Default Judgment against

28

1

all Defendants. (ECF No. 9)

The Court held a hearing on Plaintiff's Motion for Default Judgment on July 12, 2019. Attorney Zachary M. Best appeared telephonically on behalf of Plaintiff. Defendant Martinez personally appeared *pro se*.

At the hearing, Plaintiff withdrew his motion for default judgment as to Defendant Martinez. The Court hereby withdraws Plaintiff's Motion for Default Judgment as to Defendant Maria Martinez. (ECF No. 9) The Clerk of Court is DIRECTED to VACATE the entry of default against Defendant Maria Martinez. (ECF No. 7)

The Court hereby ORDERS Defendant Maria Martinez to file responsive pleadings to Plaintiff's Complaint (ECF No. 1) no later than **September 13, 2019**. The responsive pleadings, whether in the form of an answer or motion, should comply with the Federal Rules of Civil Procedure, including Rule 12, which allows a Defendant to file an answer, or in some cases a motion, to a Complaint. Any answer filed should also comply with Federal Rule of Civil Procedure 8, which provides in part as follows:

**(b) Defenses; Admissions and Denials**

(1) *In General*. In responding to a pleading, a party must:

(A) State in short and plain terms its defenses to each claim asserted against it; and

(B) Admit or deny the allegations asserted against it by an opposing party.

(2) ***Denials—Responding to the Substance.*** A denial must fairly respond to the substance of the allegation.

(3) ***General and Specific Denials***. A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) ***Denying Part of an Allegation***. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) ***Lacking Knowledge or Information***. A party that lacks knowledge or information

sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) ***Effect of Failing to Deny***. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Fed. R. Civ. Pro. 8(b).[1]

Failure of Plaintiff Maria Martinez to file responsive pleadings by **September 13, 2019**, could result in dismissal of her case, with prejudice.

The Court DEFERS ruling on Plaintiff's Motion for a Default Judgment against Defendant TBS Properties, Inc. No later than **August 16, 2019**, Plaintiff shall file a notice into the record in this matter, indicating whether it wishes to go forward with the Motion for a Default Judgment against Defendant TBS Properties, Inc.

IT IS SO ORDERED.

Dated: __**July 18, 2019**__          /s/ *Erin P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does not provide the entirety of Federal Rules of Civil Procedure 8 or 12 here. Defendant Martinez is encouraged to consult the entirety of the rules.