| | |
|---|---|
| JOSE ACOSTA,<br><br>            Plaintiff,<br><br>    v.<br><br>MARIA MARTINEZ, et al.,<br><br>            Defendants. | Case No. 1:19-cv-00307-AWI-EPG<br><br>ORDER HOLDING MOTION FOR DEFAULT JUDGMENT IN ABEYANCE UNTIL JANUARY 8, 2020, AND DIRECTING DEFENDANT MARIA MARTINEZ A/K/A MARIA LOURDES MARTINEZ VASQUEZ D/B/A ACCESORIOS MARTINEZ TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT ON OR BEFORE JANUARY 8, 2020.<br><br>(ECF NO. 16) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On March 5, 2019, Plaintiff Jose Acosta ("Plaintiff") filed this suit against Defendants Maria Martinez a/k/a Maria Lourdes Martinez Vasquez d/b/a Accesorios Martinez ("Martinez") and TBS Properties, Inc. ("TBS") for alleged violations under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and related California statutes. (ECF No. 1.) Neither Martinez nor TBS has filed any response to the Complaint.

On June 7, 2019, Plaintiff filed a motion for default judgment against Martinez and TBS. (ECF No. 9.) The Court held a hearing on the motion on July 12, 2019. Martinez personally appeared at the hearing and indicated that she wished to contest Plaintiff's Complaint. Plaintiff's counsel agreed to withdraw Plaintiff's motion for default judgment against Martinez to allow her time to respond to the Complaint.

Accordingly, on July 19, 2019, the Court issued an order: (1) granting Plaintiff's motion

1

to withdraw his motion for a default judgment as to Martinez, (2) deferring ruling on Plaintiff's motion for default judgment as to TBS, and (3) directing the Clerk of Court to vacate the entry of default against Martinez. (ECF No. 16.) The Court further ordered Martinez to file responsive pleadings no later than September 13, 2019, and provided with her excerpts of the pertinent federal rules dealing with responsive pleadings and pleading requirements in general—specifically Federal Rules of Civil Procedure 8 and 12.

Martinez failed to file responsive pleadings by September 13, 2019. Plaintiff then filed a second motion for default judgment against Martinez and TBS on October 2, 2019. (ECF No. 16.)

The Court held a hearing on the motion on November 8, 2019. Tanya Moore appeared telephonically on behalf of Plaintiff. Defendant Martinez appeared personally and participated in the hearing with the assistance of her daughter, as Martinez does not speak English.

Martinez explained that she attempted to retain the services of an attorney to respond to Plaintiff's Complaint, or at least to speak with Plaintiff's counsel about resolution of the matter. She stated that a lawyer tried to reach defense counsel but could not reach him. The Court notes that previous defense counsel, Zachary Best, is no longer with the firm representing Plaintiff. Martinez asked for additional time to allow her to continue to attempt to retain the attorney or speak directly with Plaintiff's counsel about the Complaint and pending motion for default judgment.

Counsel for Plaintiff, Ms. Moore, provided her contact information to Martinez and spoke to her in Spanish about how to reach her.

The Court also noted that Plaintiff failed to seek another entry of default from the Clerk of Court against Martinez after the Court vacated the previous entry of default following the July 12, 2019 hearing. Under Ninth Circuit precedent and Federal Rule of Civil Procedure 55, an entry of default must precede a default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting that Rule 55 requires a two-step process before entering a default judgment consisting of (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment).

Accordingly, based on the foregoing, at the conclusion of the hearing, the Court explained that it would wait 60 days to rule on the motion to allow Martinez time to consult an attorney and to file responsive pleadings if necessary and to allow Plaintiff time to seek another entry of default against Martinez.

Thus, the Court will hold Plaintiff's Motion for Default Judgment (ECF No. 16.) in abeyance for 60 days until January 8, 2020. In this 60-day time frame, Martinez, or her lawyer if she retains one, should call counsel for Plaintiff, Tayna Moore, at 408-298-2000, to discuss Plaintiff's Complaint (ECF No. 1.) and Plaintiff's pending Motion for Default Judgment. In this 60-day time frame, unless Plaintiff and Martinez reach a resolution of the case, Martinez must also file a response to Plaintiff's Complaint. The Court again refers Martinez to Federal Rules of Civil Procedure 8 and 12.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Default Judgment (ECF No. 16.) is held in abeyance for 60 days until **January 8, 2020,** at which time the Court will take the motion under consideration. In the interim, Martinez, or her attorney, is encouraged to consult with attorney for Plaintiff, Tanya Moore, regarding Plaintiff's Complaint and pending Motion for Default Judgment.

2. To the extent the parties are unable to resolve the matter, Martinez is ordered to file responsive pleadings to Plaintiff's Complaint on or before **January 8, 2020**.

3. Martinez is warned that her failure to file responsive pleadings on or before **January 8, 2020** could lead to the undersigned recommending that Plaintiff's Motion for a Default Judgment be granted and that all forms of relief sought therein be awarded to Plaintiff.

4. Plaintiff shall seek an entry of default against Martinez by January 8, 2020, to the extent he wishes to obtain a default judgment against her.

\\\

\\\

5. The Clerk of Court is directed to mail a copy of this order to Maria Lourdes Martinez Vasquez d/b/a Accesorios Martinez at 108 S. Chestnut Avenue Fresno, CA 93702.

IT IS SO ORDERED.

Dated: **November 13, 2019**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE